**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00503-CR**
_____

**PAUL RAY LAND**
**AKA PAUL R. LAND**
**AKA PAUL LAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 09-06836**

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Paul Ray Land[1] pled guilty to driving while intoxicated, third offense or more. The trial court adjudged Land guilty and assessed his punishment at seven years of imprisonment and a fine of $1,000. The court, however, suspended imposition of the sentence and placed Land on community supervision for a seven-year period. The State subsequently filed a motion to revoke Land's community supervision. During the hearing on the

_____

[1] Paul Ray Land is also known as Paul R. Land and Paul Land.

1

motion to revoke, Land pled "true" to violating two conditions of his community supervision. At the conclusion of the revocation hearing, the trial court found that Land violated two conditions of his community supervision, revoked Land's community supervision, and imposed a sentence of seven years of imprisonment. Land timely filed a notice of appeal.

Land's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel's brief presents his professional evaluation of the record and concludes there are no arguable grounds to be advanced in this appeal. Counsel provided Land with a copy of his brief. We granted an extension of time for Land to file a pro se brief. We received no response from Land.

We have independently reviewed the clerk's record and the reporter's record, and we agree with Land's appellate counsel that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief Land's appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the judgment of the trial court.[2]

AFFIRMED.

---

[2] Land may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

_____
CHARLES KREGER
Justice

Submitted on July 1, 2014
Opinion Delivered July 9, 2014
Do not publish

Before Kreger, Horton, and Johnson, JJ.